## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-22244-CIV-LENARD/WHITE
(RELATED CASE: 03-20715-CR-LENARD)

**BRIAN LENNY MACKEY**,

        Movant,

vs.

**UNITED STATES OF AMERICA,**

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE (D.E. 11); DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (D.E. 1); AND DISMISSING CASE

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Patrick A. White ("Report," D.E. 11), issued on March 3, 2007.  In his Report, Magistrate Judge Torres thoroughly addresses Movant Brian Lenny Mackey's ten grounds for relief set forth in his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion," D.E. 1), and recommends that the Court deny the Motion.  Movant filed Objections to the Report on March 27, 2007 (D.E. 12).  The Court has conducted a <u>de novo</u> review of the Petition, the Report, the Objections, and the record, and finds as follows:

**I.**      **Petition and Report of the Magistrate Judge**

In his underlying criminal case, Movant was charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).  (D.E. 11 at 2.) On April

24, 2003, Movant was driving with his nephew, Teth Milligan, when he was stopped by Miami-Dade Police Detectives Garcia and de la Vega.  During the stop, the police seized a handgun belong to Movant from his vehicle.  Movant's defense counsel filed a pre-trial motion to suppress the physical evidence seized pursuant to an allegedly unlawful search and seizure.  (Id. at 3.)  The district court entered a lengthy, detailed order denying the Movant's motion to suppress.  (Id.)

Following denial of his motion, Movant entered into a conditional plea agreement in which he agreed to plead guilty as charged, but reserved the right to directly appeal the denial of his motion to suppress solely on the basis of whether the stop of the vehicle and seizure of physical evidence violated Movant's Fourth Amendment rights. (Id.) The United States did not consent, however, to Movant reserving the right to directly appeal any other issues relating to or involving the suppression motion. (Id.). On January 14, 2005, Movant was sentenced to a term of 180 months in prison, followed by four years of supervised release. (Id.)

Movant timely appealed, arguing the sole claim that the court erred in failing to suppress physical evidence seized following an unlawful detention which went beyond the permissible scope of the traffic stop.  (Id.)  The Eleventh Circuit denied Movant's appeal. (Id.)  Movant then timely filed the instant Motion to Vacate.  Movant makes ten claims in his Motion: 1) the district court erred in denying his motion to suppress physical evidence; 2) the initial discovery of contraband resulted from the unlawful detention of the movant beyond

2

the permissible scope of the traffic stop; 3) the district court erred when it limited defense counsel's cross examination of Detective Errol Gardner during the suppression proceeding; 4) the government committed reversible error when it apprised the court that a defense witness had previously failed a polygraph examination; 5) the seizure of evidence was unlawful as there was no probable cause to stop Movant's vehicle; 6) the government committed prosecutorial misconduct when it suborned perjury of Detective Garcia at the suppression hearing; 7) the government committed prosecutorial misconduct by leading its witnesses, vouching for their credibility, and making improper comments during the suppression hearing; 8) Movant was denied effective assistance of counsel, where his lawyer subjected the movant and a defense witness to a polygraph examination, and also failed to call an eyewitness to offer exculpatory evidence at the suppression hearing; 9) Movant's post-arrest statements were obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966); 10) the court erred in ruling that the government did not inappropriately bring up the issue of the failed polygraph examination during a side bar conference. (D.E. 11 at 1-2.)

Regarding Movant's first, second, and fifth claims, the Magistrate Judge found that Movant was attempting to relitigate the validity of his stop and ultimate arrest. (Id. at 5.) Specifically, the Magistrate Judge found that, because claims one and two were raised and rejected on Movant's direct appeal to the Eleventh Circuit, they were procedurally barred from review in the collateral proceeding. (Id.) The Magistrate Judge noted that in his

3

traverse, the Movant conceded that claims one and two were procedurally barred.  (Id. at 6.) The Magistrate Judge rejected Movant's contention that claim five was not procedurally barred because he did not receive a full and fair hearing on his suppression motions and thus no consideration should be given to the trial court's factual and legal conclusions, which were adopted by the appellate court.  (Id.)  Despite finding that claim five was procedurally barred, the Magistrate Judge also rejected the claim on its merits, finding that the appellate court concluded correctly that, under Florida law, the police officer had probable cause to believe a traffic violation occurred, and thus the ensuing stop was legal.  (Id. at 7-10.) Additionally, the Magistrate found that there was no record support for the proposition that the suppression motion would have been granted had Movant's defense counsel done a better job.  (Id. at 10.) "Consequently, the movant has failed to demonstrate deficient performance or prejudice pursuant to Strickland v. Washington, 466 U.S. 668 (1984), stemming from counsel's failure to argue the motion to suppress as set forth by the movant in this collateral proceeding."  (Id.)

Regarding the remainder of Movant's claims, the Magistrate Judge found that Movant had presented them under the guise of ineffective assistance of counsel.  (Id. at 4.) Accordingly, the Magistrate Judge analyzed these claims under the two-part test for ineffective assistance of counsel set forth in Strickland.

As to Movant's third claim, that the district court erred when it limited defense counsel's cross examination of Detective Errol Gardner during the suppression proceeding,

the Magistrate Judge found that no showing has been made that the court erred in its rulings or that the outcome of the proceedings would have been different had counsel raised the validity of the judge's rulings on appeal.  (Id. at 12.)  Accordingly, the Magistrate Judge found that Movant failed to establish prejudice under Strickland and was not entitled to relief under his claim.  (Id.)

Regarding Movant's fourth and tenth claims, the Magistrate Judge found that no showing has been made that the district court's ruling deprived Movant of a full and fair evidentiary hearing on his suppression motions.  (Id. at 13-14.)  In support of his finding, the Magistrate Judge quoted from the hearing transcript in which the district judge discussed the raising of the polygraph examination by the government on sidebar and found that it was not inappropriate.  (Id. at 13.)

Regarding Movant's sixth claim, the Magistrate Judge began by noting that the trial court found Detective Garcia's testimony credible, and the appellate court found that there was no evidence that Garcia's testimony was unbelievable.  (Id. at 14.)  Thus, relitigating the claim under the guise of an ineffective assistance of counsel claim added nothing of substance to justify a different result.  (Id.)  Additionally, the Magistrate Judge found no evidence on the record to suggest that the government suborned perjury.  (Id.)

Regarding Movant's seventh claim, the Magistrate Judge first noted that the Eleventh Circuit has held in the context of federal criminal prosecutions that prosecutorial conduct

requires a new trial only if the remarks 1) were improper and 2) prejudiced the defendant's substantive rights. (Id. at 16.) The Magistrate Judge found that there was nothing to suggest that the prosecutor's comments or alleged leading questions denied the Movant due process at the suppression hearing. (Id. at 17.) Thus, the Magistrate Judge found that Movant's trial counsel was not ineffective for failing to pursue this nonmeritorious claim, and, additionally, there was no reasonable probability that the judge would have granted the Movant's suppression motion had his trial counsel made the objections. (Id.)

Regarding Movant's eighth claim, the Magistrate Judge found that Movant cannot satisfy the prejudice prong of Strickland because he chose not to testify on his own behalf at the suppression hearing and it thus appears on the record that the results of his examination were not used to impeach or otherwise cross-examine him. (Id. at 18.) Additionally, the court specifically indicated on the record that it would not consider Mr. Milligan's polygraph results in determining whether to grant or deny the suppression motion. (Id.) Further, trial counsel's strategic decision to call Mr. Milligan as a defense witness should not be second-guessed in this collateral proceeding because tactical or strategic choices by counsel cannot support a collateral claim of ineffective assistance of counsel. (Id.) The Magistrate Judge also rejected Movant's claim that he was denied effective assistance of counsel, where his lawyer failed to call an alleged eyewitness to offer exculpatory evidence at the suppression hearing. (Id. at 19.) As the movant provided no affidavit or other reliable evidence to support his claim that this unidentified individual would have testified as

6

proffered, the movant could not prevail on this claim, because there had been no showing that this witness would have testified as proffered. (Id.)

Regarding Movant's ninth claim, the Magistrate Judge found that the Movant failed to proffer any objective evidence to support his self-serving allegation that he was not advised of nor did he waive his Miranda warnings. (Id. at 20.)

Accordingly, as the Magistrate Judge rejected all ten of Movant's claims, he recommended that the Motion be denied. (Id. at 21.)

## II.    Movant's Objections

Movant begins his Objections by claiming that, contrary to the Magistrate Judge's findings, only his eighth claim is premised on ineffective assistance of counsel. (D.E. 12 at 2.)

Movant then goes on to contest the facts surrounding the legality of the stop. Movant contends that the record is void of any evidence substantiating Detective Garcia's testimony regarding his stop of Movant's vehicle based upon a BOLO ("be on the lookout") and an inoperable brake light. (Id. at 3.) Specifically, Movant argues that there was no warning or traffic citation corroborating Detective Garcia's testimony. (Id.) Movant further argues that Detective Garcia was the only police officer with knowledge of a BOLO for the vehicle for which the police were allegedly looking. (Id.) Movant contends that, "It was only after the contents of the TAR reports were revealed which showed that moments before Detective Garcia stopped the movant's vehicle, he ran the tag wrong movant's vehicle, Detective

7

Garcia decided to mention this fictitious BOLO." (Id.)  Further, Movant contends that defense witness Teth Milligan's testimony further contradicts Detective Garcia's testimony regarding the BOLO. (Id. at 4.)

With regard to his third claim, Movant contests that the claim is not made on the grounds of ineffective assistance of counsel, but instead under his Sixth Amendment right to confrontation of witnesses. (Id. at 6.) Movant argues that, by limiting his trial counsel's attempt to establish bias though cross-examination, the trial court violated his Sixth Amendment rights. (Id. at 6-7.)

With regards to his fourth claim, Movant reiterates his argument that the government's introduction of evidence of Mr. Milligan's failed polygraph at sidebar violated his right to a fair hearing. (Id. at 7-8.)  With regards to his tenth claim, Movant objects to the Magistrate Judge's findings because "polygraph evidence is inadmissible when offered by either party, either as substantive evidence or as relating to the credibility of a witness." (Id. at 9 (citation omitted).)

With regards to his sixth claim, Movant objects that the claim is premised on violations of his rights under the Fifth and Fourteenth Amendments.  Movant contends that the record does not reflect testimony by Detective De La Vega corroborating Detective Garcia's testimony of a "be on the lookout" or an inoperable brake/tail light on Movant's car. (Id. at 9.)  Movant contends that Detective De La Vega testified at his state deposition that he had no idea why Detective Garcia stopped Movant's vehicle, while at the suppression

hearing he testified that he was told by Detective Garcia that the car was being stopped for a traffic infraction. (Id. at 10.)   Movant argues that this indicates that the government knowingly introduced Detective Garcia's perjured testimony in violation of his due process rights to a fair and impartial hearing.  (Id. at 11.)

With regards to his seventh claim, Movant contends that the prosecutor committed numerous improper acts - including, among other things, misrepresenting testimony, asking witnesses leading questions during direct testimony, and allowing perjured testimony to go uncorrected - which improperly influenced the court's denial of his motion to suppress.  (Id. at 11-12.)

With regards to his eighth claim, Movant reiterates his argument that his counsel should not have allowed him to take a lie detector test because the test was designed to make him fail.  (Id. at 12.)  Additionally, Movant argues that if his trial counsel had conducted an adequate pre-trial investigation, counsel would have discovered that the police were engaged in improper stops of black males.  (Id. at 13.)  Movant contends that he has not provided an affidavit or evidence in support of this contention because he is pro se and incarcerated.  (Id. at 14.)

Finally, with regards to his ninth claim, Movant argues that he did not bring up his Miranda argument at the suppression hearing because he was advised to remain silent by his attorney and attempted to alert her through written notes but his attorney did not understand. (Id. at 14.)  Movant contends that, looking at the totality of the circumstances, there is a

reasonable doubt that Movant was given his <u>Miranda</u> warnings

### III.   Analysis

Movant does not object to the Magistrate Judge's findings as to his first, second, and fifth claims.  Accordingly, the Court only needs to address his seven other claims.  <u>See</u> 28 U.S.C. § 636(b)(1) (district court is only required to make "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").  The Court will address the merits of Movant's remaining seven claims.

### A.   Claim 3

Movant claims that the trial court unlawfully limited his trial counsel's cross-examination of Detective Errol Gardner during the suppression hearing in violation of his right to confrontation of witnesses under the Sixth Amendment's Confrontation Clause. Movant contends that, by sustaining the government's objections to his trial counsel's lines of questioning, the Court prevented him from establishing Detective Gardner's bias.  The Court finds that Movant's claim is without merit.  The government's direct examination of Detective Gardner was brief and was limited to his discussion with defense witness Teth Milligan regarding the traffic stop which led to Movant's arrest.  Movant's trial counsel then attempted to cross-examine Detective Gardner on a number of topics that were outside the scope of the direct examination, including: Metro-Dade Police Department's procedures for internal investigations; standard procedures for documenting witnesses to arrests and traffic stops; when the allegations of the arresting officers' possible misconduct came to Detective

Gardner's attention; and whether Detective Gardner told the prosecutors that he was going to interview Mr. Milligan. The trial court properly sustained the government's objections to these lines of questioning. The Supreme Court has recognized that trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

Further, contrary to Movant's claim, the trial court allowed some cross-examination into Detective Gardner's bias that went beyond the scope of the direct examination. Movant's trial counsel was allowed to question Detective Gardner regarding the eight-month delay from the time Movant was arrested until Detective Gardner contacted Mr. Milligan. Movant's trial counsel was also allowed to question Detective Gardner regarding the arrest affidavit filled out by the arresting officer, and the State Attorney's Office case summary sheet. Therefore, Movant has failed to demonstrate a violation of his Sixth Amendment rights.

### B.     Claims 4 and 10

In his fourth and tenth claims, Movant contends that the government committed reversible error when it apprised the court during a side bar conference that Mr. Milligan had previously failed a polygraph examination, and the trial court erred in ruling that the government did not inappropriately bring up the issue of the failed polygraph examination,

respectively.

Mr. Milligan wrote a three-page affidavit regarding the events surrounding the arrest. An ATF agent conducted a polygraph examination of Mr. Milligan.  After asking Mr. Milligan whether he had been truthful in his affidavit, the ATF agent concluded that he had not been truthful. Mr. Milligan voluntarily agreed to come back the following day to clarify the issue regarding his truthfulness. However, Mr. Milligan never returned for a follow-up interview.  During the suppression hearing, the government tried to bring up Mr. Milligan's failure of the polygraph examination.  Movant's trial counsel objected and the trial court found that the government could not go into the polygraph examination:

> . . . I don't want to go into the polygraph. I will allow you [government] to go into the fact that he changed his statement as to the knowledge of the gun, that he had seen the gun and his uncle had the gun and I will allow you to go into the fact that he didn't return to have more discussions or further questioning as he said he would.

(D.E. 10-4 at 75-76.)

The trial court addressed the issue again later on in the suppression hearing:

> My ruling still stands. I do not find that the government inappropriately brought it up side bar based upon the testimony that I actually allowed to come in, which was that he was asked to come back because of inconsistencies, or his admitting he hadn't been truthful after the polygraph and he did not come back the next day. My ruling still stands and I find it is the appropriate ruling under the circumstances because the government was put in a position where he didn't return, therefore, there may or may not have been inconsistent testimony.

(D.E. 10-5 at 7.)

The Court finds that the trial court properly limited the testimony relating to Mr.

12

Milligan's polygraph examination to the fact that there were inconsistencies between Mr. Milligan's testimony at the polygraph interview and his affidavit and that he did not return for a scheduled follow-up interview.  As such, there was no error.

### C.   Claim 6

In his sixth claim, Movant contends that the government suborned perjury of Detective Garcia at the suppression hearing.  Movant contends that Detective Garcia lied in his testimony that he conducted the stop as a result of a BOLO and inoperable break light.

Movant's claim is without merit.  First of all, both the trial court, the appellate court, and the Magistrate Judge found Detective Garcia's testimony credible.  See United States v. Mackey, 149 Fed. Appx. 874, 879 (11th Cir. 2005); (D.E. 11 at 14.).  Second of all, even if Detective Garcia committed perjury, Movant provides no evidence to support his claim that the government knowingly submitted his testimony knowing that it was perjured.  Third and finally, continuing the assumption that Detective Garcia testified falsely, it was not material because there is no likelihood that the testimony could have affected the court's decision regarding the denial of the motion to suppress given Detective de la Vega's testimony which corroborated Detective Garcia's testimony regarding the events surrounding the movant's arrest.  As stated by the Eleventh Circuit in affirming denial of the suppression motion:

> we could also assume that the reason Garcia stopped Mackey is that he called in the wrong tag and mistakenly believed that Mackey's vehicle reflected the tag of a trailer. There was testimony from De La Vega that mistakes calling in tags are common and, in this case, Garcia would have been off by one letter, having called in T02DET instead of T02QET. When he called in the tag and it was reported that T02DET belonged to a trailer, not Mackey's Buick, Garcia

had probable cause to conduct a traffic stop and investigate. The unrefuted testimony from the point Mackey was stopped was that Garcia and De La Vega, with or without guns drawn, approached the back of the car with their flashlights on and saw what they believed to be a chrome weapon being concealed between the driver's seat and the passenger's seat. It was not until Mackey was outside the vehicle that the officers had any notice that they had called in the wrong tag. By that point, even if the original reason for the stop had been rendered moot because the tag was correct, they had reasonable suspicion of other possible illegal activity because of the weapon and were justified to investigate further.

149 Fed. Appx. at 880.  As there was a valid reason for the stop outside of the reasons that

Movant contends Detective Garcia lied about, any alleged subornation is immaterial.

### D.    Claim 7

In his seventh claim, Movant contends that the government committed prosecutorial

misconduct by leading its witnesses, vouching for their credibility, and making improper

comments during the suppression hearing.  Specifically, Movant argues that the prosecutor

led Detective Garcia to testify that he could not remember whether he ran Movant's tag

before conducting the stop. (See D.E. 2 at 34.)  Movant also argues that the prosecutor asked

Detective Garcia leading questions to obscure the events of the night of the arrest.  (Id. at 35-

36.)  Movant further contends that, during closing arguments, the prosecutor improperly

vouched for the credibility of Detective Garcia and improperly impeached the credibility of

Mr. Milligan.   (Id. at 39.)    Finally, Movant contends that the prosecutor improperly

characterized witness testimony in order to suggest that there was probable cause for the stop.

(Id. at 38.)

To demonstrate prosecutorial misconduct, Movant is required to show: (1) the remarks

14

were improper, and (2) the remarks prejudicially affected their substantial rights. See United States v. McAllister, 77 F.3d 387, 390-91 (11th Cir. 1996).  In order for the remarks to prejudice Movant's due process rights, as he alleges in his Motion, a reasonable probability must exist that, but for the offending remarks, the defendant would not have been convicted. United States v. Rodgers, 981 F.2d 497, 499 (11th Cir. 1993).

The Court finds that Movant's claim fails, as he is unable to demonstrate that, absent the allegedly improper remarks by the prosecutor, his Motion to Suppress would have been granted.  The trial court found that the arresting police officers had testified credibly regarding Movant's broken tail light as a valid basis for the traffic stop. (See D.E. 10-5 at 48-49.)  Further, as stated by the Eleventh Circuit in Movant's direct appeal, there was credible testimony that Detective Garcia had also properly stopped Movant based on his mistaken entry of the wrong tag.  149 Fed. Appx. at 880.  Accordingly, the Court finds that the evidence presented in the suppression hearing was sufficient to establish probable cause regardless of any leading questions, vouching of credibility, or improper comments by the prosecutor.  As such, Movant cannot demonstrate prejudice.

### E.     Claim 8

In his eighth claim, Movant claims that his counsel was ineffective because, first, his lawyer subjected Movant and Mr. Milligan to polygraph examination and, second, because his lawyer failed to call an alleged eyewitness to offer exculpatory evidence at the suppression hearing and failed to investigate his claim that the police told Movant on the

night of the stop that they were looking for black males driving cars with switched license plates.  In order to prevail on a claim of ineffective assistance of counsel, Movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984)

Both of Movant's sub-claims of ineffective assistance of counsel fail.  As to the polygraph examinations, the trial court specifically stated on the record during the suppression hearing that evidence relating to the results of Mr. Milligan's polygraph examinations was inadmissible and would not be considered by the court.  Movant chose not to testify at the suppression hearing so the results of his polygraph examination were not used to impeach or otherwise cross-examine him.  Accordingly, Movant cannot demonstrate that he suffered prejudice as a result of his counsel's decision to submit Movant and Mr. Milligan for polygraph examinations.  As to the claim that Movant's trial counsel was ineffective for failing to call an exculpatory witness and failing to investigate his claims regarding the police looking to arrest black males the night of the stop, the record is totally devoid of evidence supporting these assertions.

### F.    Claim 9

In Claim 9, Movant asserts that his post-arrest statements were obtained in violation of his Miranda rights.  At the suppression hearing, Detective Garcia testified that he advised

16

Movant of his <u>Miranda</u> rights.  (<u>See</u> D.E. 10-4 at 17.)  Movant provides no evidence to support his claim that Detective Garcia testified falsely at the hearing regarding his <u>Miranda</u> rights and otherwise fails to provide any evidence suggesting that his post-arrest statements were obtained in violation of his <u>Miranda</u> rights.   As such Claim 9 fails.

Accordingly, as all ten of Movant's claims are denied, it is hereby:

**ORDERED AND ADJUDGED** that:

1.	The Report of Magistrate Judge Patrick A. White (D.E. 11), issued on March 7, 2007, is **ADOPTED**.

2.	The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (D.E. 1), filed on or about September 5, 2006, is **DENIED**.

3.	This case is **CLOSED**.

4.	All pending motions not otherwise ruled upon are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of July, 2008.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

17

cc:   U.S. Magistrate Patrick A. White
       Movant Brian Lenny Mackey, <u>pro se</u>
       Counsel of Record